UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

Meghan Christine Belaski,
1212 Southridge Dr.
Fort Collins, Colorado 80521
719-429-9939

        Plaintiff,

        v.

United States of America,

U.S. Senate Leader Mitch McConnell,
317 Russell Senate Office Building
District of Columbia
Washington, D.C., 20510

U.S. House Speaker Paul Ryan,
1233 Longworth H.O.B.
District of Columbia
Washington, D.C., 20515

U.S. President Donald J. Trump,
1600 Pennsylvania Ave., NW
District of Columbia
Washington, D.C., 20515

        Defendants.

Case: 1:17-cv-01035
Assigned To : Jackson, Amy Berman
Assign. Date : 5/26/2017
Description: Pro Se Gen. Civ. **(F-DECK)**

## COMPLAINT AND REQUEST FOR INJUNCTION

Plaintiff, Meghan Christine Belaski, alleges as follows:

### INTRODUCTION

1.    Plaintiff urgently requests the court issue a Temporary Restraining Order and

Injunction, against the United States of America, and the above named Defendants for the

United States of America, in this Complaint and Request for Injunction, which includes current

U.S. President, Donald J. Trump, representing the Executive Branch of Government, and the

RECEIVED
MAY 2 6 2017
Clerk, U.S. District and
Bankruptcy Courts

current Majority Party within the current 115th U.S. Congress, led by U.S. Senate Majority Leader Mitch McConnell, and U.S. House of Representatives House Speaker Paul Ryan, on behalf of their respective Majority Party Leadership in both Chambers of the United States Congress for the Legislative Branch, as Plaintiff is alleging the Defendants were, and are, currently colluding in a Racketeer Influenced and Corrupt Organization scheme, or RICO enterprise, in violation of 18 U.S. Code 1961 to obstruct justice against the Plaintiff, the American people, and the United States of America.

2.     Plaintiff alleges the 2 branches of government the Defendants currently lead and represent, have obstructed justice to prevent Plaintiff's Federal Whistleblower information from public view and Congressional investigation per the request of the Plaintiff since September 2014-present day, having obstructed justice in Plaintiff's Federal Whistleblower situation with most, if not all of President Donald J. Trump's Executive Orders and Budget requests, including the repeal of the Affordable Care Act, since his inauguration on Jan., 20, 2017-present day, and to prevent the Defendants from irreparably harming the Plaintiff's Constitutional Rights to Petition the Government for a Redress of Grievances, Due Process, and Right to Property any further than the Defendants already have, and lastly and most importantly, to prevent the Defendants from irreparably harming U.S. National Security and the Constitutional Foundations of the United States of America any further than the Defendants already have.

## I. PARTIES TO THE COMPLAINT

3.     The Plaintiff in this Complaint and Request For Injunction is Meghan Christine Belaski, an individual who has been a Whistleblower, without an attorney, to the Dodd-Frank established Office of the Whistleblower for the United States Securities and Exchange Commission Office of the Whistleblower and related entities connected to the Residential Mortgage Backed Securities Financial Fraud Enforcement Task Force since February 2014-present day, with original, non-public, and material documentation and information regarding oil and gas derivative fraud

hidden in the U.S. Residential Mortgage Backed Securities crisis directly connected to Russian, Brazilian, and Venezuelan money laundering through U.S. entities, during the U.S. RMBS crisis, and "Prior Appropriations" Water Rights Law in Colorado.

4.    Plaintiff alleges these money laundering operations in Colorado that the Defendants are aware of, are connected to: Operation Car Wash in Brazil, JBS USA, The Southland Corporation, aka Citgo, aka PDVSA or Petro-Venezuela, aka Rosneft, all which have an interlocking connection through a company or entity called "LOUP" as reported by the Plaintiff to the SEC-Office of the Whistleblower et al., in early 2014, and to the United States Congress from September 2014-present day, which is connected to a Spring 2016, "Panama Papers" disclosure regarding "LOUP", which ultimately comes full-circle to a Plutonium-238 crime on U.S. soil that Defendants are aware of, and are knowingly and willfully acting to obstruct justice and prevent the American public from the truth because of their direct connections to Russian interests in the United States.

5.    Plaintiff also provided the United States Government through the United States Securities and Exchange Commission Office of the Whistleblower, F.B.I., and Department of Justice under the Obama Administration, with the "treasure chest" from Forrest Fenn's elusive riddle, *The Thrill of the Chase*, in mid-September 2015. Plaintiff solved the riddle on August 30, 2015, and provided the "treasure chest" to the United States Government almost immediately. Plaintiff also provided Reverend Monsignor W. Ronald Jameson, V.F., with St. Matthews in Washington, D.C., with a portion of the treasure via mail on September 1, 2015, as well, and has continued to send Rev., Msgr., Jameson several packages for "preservation" since August 30, 2015, as a matter of safe-keeping in the event the government was penetrated by rouge actors.

6.    The Defendants in this Complaint and Request For Injunction are the 45th President of the United States, Donald J. Trump, and the current United States Congressional Leaders for the 115th Congress as leaders for the Majority Party in both Chambers of Congress; U.S. Senate

Majority Leader Mitch McConnell, and U.S. House of Representatives Speaker Paul Ryan. Mr.

McConnell and Mr. Ryan were also Majority Leaders in both Chambers of Congress during the

114th Congressional Session as well, which the court should understand is when the Plaintiff

first brought these issues to the attention of the United States Congress.

## II. BASIS FOR JURISDICTION

7.   The Basis for Jurisdiction is a Federal Question. The Plaintiff in this Complaint and Request

For Injunction believes the Basis for Jurisdiction in this case concerns several federal statues

and Constitutional rights of the Plaintiff that have been continuously violated by the Defendants.

These include: 18 U.S.C. 1961; 42 U.S.C 1983; 15 U.S.C. 1692-1692 (a)-(p); 18 U.S.C.

Sections 241-242; 5 U.S.C. 3331; 31 U.S.C. 3729; 18 U.S.C. 1505; 18 U.S.C. 3; 1st

Amendment right to petition the Government for a redress of grievances; 5th Amendment right

to property through procedural and substantive due process of law; 18 U.S.C. 2382-2383; 14th

Amendment Sections 1-4.

## III. STATEMENT OF CLAIM

8.    Plaintiff alleges the Defendants have acted to obstruct justice in violation of 18 U.S. Code

1961, by obstructing justice in a Russian money, mineral rights and nuclear materials laundering

scheme on U.S. soil, and in doing so, have violated the Plaintiff's Constitutional Rights to

Petition the Government for a Redress of Grievances as it concerns Russian money laundering

and illicit nuclear materials laundering through the RMBS crisis in the United States of America,

which includes obstruction of justice by the Defendants of procedural and substantive due

process of law, and acting as accessories-after-the-fact with policy and legislation intended to

protect the self-interests of the Defendants and powerful people and entities they represent

rather than under the sworn duty to uphold their oath of office as the Constitution requires and

demands for the American people they represent.

9.    Plaintiff alleges the Defendants have willfully obstructed justice and have acted against the interests of the United States, whether directly or indirectly, and that the Defendants leading the Executive and Legislative Branches of the United States Government Continue to do so in violation to their Oath of Office to the United States of America, which is why the Plaintiff is requesting this court issue a temporary restraining order and injunction against the Defendants and the Executive and Legislative Branches of government they lead and represent as soon as legally permissible.

10.    Plaintiff alleges Defendants and the U.S. Congress have obstructed justice and it is in the interest of the Plaintiff and the American Public that this court grant Plaintiff's request for Temporary Restraining Order and Injunction to block the Defendants, and the Executive and Legislative Branches they lead and represent, from temporarily making any significant legislative decisions, which includes repealing and/or passing any legislation that affects the American public until it can be determined if the Defendants, and the Executive and Legislative Branches they lead and represent, which includes every single United States Congressperson in the United States Senate and United States House of Representatives overseen by Mr. McConnell and Mr. Ryan, have not acted against the interests of the United States on behalf of a sworn enemy of the state, and cast votes, or confirmed any person under oath, under the "color of law", and in rebellion against the interests of the United States.

11.    The Plaintiff alleges the Defendants have violated numerous federal statutes and Constitutional rights of the Plaintiff, obstructed justice, acted as accessories-after-the-fact, and offered aid and comfort to a sworn enemy of the state, and the irreparable injury sustained by the Plaintiff should be be viewed by the court as an ongoing, urgent and an extraordinary circumstance where maintaining the "status quo", under the leadership of the Defendants is no longer in the interest of the Plaintiff or the National Security Interests of the United States.

12.    The Plaintiff believes the U.S. District Court for the District of Columbia, can intervene by temporarily restraining the Defendants, through a Temporary Restraining Order and Injunction issued by this court until the facts of Plaintiff's allegations are fully understood by the court and in public view. This is a national security emergency and should be treated as such.

13.    The whistleblower issues raised by the Plaintiff in February 2014, through present day, to the Securities and Exchange Commission Office of the Whistleblower, The Department of Justice and F.B.I., are connected to the Operation Car Wash scandal through JBS USA/Brazil which has consumed Brazil since 2014, and PDVSA, or Petro-Venezuela, which is on the edge of default, and now owned by Russia's state owned oil and gas company Rosneft, which means Rosneft will own Citgo's USA pipeline and refineries in the event PDVSA defaults, which according to reputable media outlets, suggests that PDVSA is on the verge of default at any moment. The possibility of Rosneft owning Citgo's assets has recently been called a "national security issue" by several sitting Congressmen.

14.    Plaintiff contends not only are the Defendants aware that the RMBS crisis in the USA is connected to Russian, Brazilian and Venezuelan money laundering through the USA financial system, including PDVSA aka Rosbeft, but Plaintiff alleges the Defendants have been aware of these facts for some time, and are currently obstructing justice to hide the truth from the American public and the global markets.

15.    Plaintiff contends from September 2014-present day that she has petitioned the United States Congress for a redress of grievances through the Senate Judiciary Committee, the Senate Committee for Natural Resources and Energy, the Senate Environment and Public Works Committee and sub-committee for Superfund, The U.S. House and Senate Ethics Committee's, the U.S. House of Representatives Committee on Appropriations and Water Development, the Senate Committee on Appropriations, the U.S. Senate and House Armed Services Committee's, and numerous individual U.S. Senators and U.S. Representatives. None

of these above named entities intervened to address the Plaintiff's concerns and material information and documentation as a federal whistleblower concerning Russian money laundering through the RMBS crisis and Waters of the United States at any time.

16.    Plaintiff also contends Defendants are aware that a False Claim of Federal Record has been generated about the Plaintiff's family and family history in Nevada and Utah, of Federal Record, and the Defendants have failed to respond or acknowledge Plaintiff's requests and demands for inquiries about the historical inaccuracies purposefully generated by individuals that work for federal agencies like the BLM, Forest Service and Department of Interior in this matter.

17.    Plaintiff contends a 2006, Act of Congress, designating a "Great Basin Heritage Area", and a 2015, Department of Interior, Tilford Cabin Dedication in the Great Basin National Park, as it concerns Plaintiff's family history, that the Defendants oversee as the Executive and Legislative Leadership of the United States of America, were aimed at hiding the truth from the American people and citizens of the world, and that the Defendants are fully aware of the false information conveyed in violation of truth of falsity of such claims according to the False Claims Act, and have not only acted in complicity with the knowledge these False Claims exist, but have generated Executive Orders and Legislation in order to continue down the path of False Claims against the United States and hide the truth from the world as to what the 2006, Act of Congress designating a "Great Basin Heritage Area", was really intended to do.

18.    The Plaintiff has petitioned the Defendants and the government agencies they oversee to acknowledge glaring inconsistencies raised by the Plaintiff in land patent records, including National Archive records in Washington, D.C., which include highly questionable ethnographic and archeological methods generated and produced by federal agencies of federal record under the purview of the leadership of the Defendants as heads of the Executive and Legislative Branches of government as it concerns Plaintiff's family history of federal record.

19.    Plaintiff believes the Adams-Onis Treaty of 1819, is also in question in this Complaint and Request For Injunction against the Defendants, due to the fact the Plaintiff solved Forrest Fenn's riddle, *The Thrill of the Chase,* and subsequently found the "hidden" Treasure Chest on August 30, 2015, and turned the contents of the Forrest Fenn Treasure Chest, into the federal government in early September 2015, through the same and trustworthy Securities and Exchange Office of the Whistleblower program and U.S. Department of Justice under President Obama, who Plaintiff asserts were the only federal entities Plaintiff received legitimate communications from whilst petitioning the Government from 2014-present day.

20.    As the Plaintiff is representing herself pro-se, and has never hired an attorney to represent her on these matters, the Securities and Exchange Commission Office of the Whistleblower and the U.S. Department of Justice have been very limited in what they have been able to provide or communicate to the Plaintiff based on laws and regulations attached to the Federal Whistleblower programs in question. Which is why the Plaintiff intended to petition the United States Congress for a redress of grievances on these matters in the interest of the American Public and National Security rather than as a sole whistleblower intending to benefit from a financial award.

21.    Plaintiff felt comfortable delivering the Forrest Fenn "treasure" to the SEC and DOJ in September 2015, already having a line-of-communication established from the RMBS case filed in February 2014. Due to what was found in the Fenn Treasure Chest on August 30, 2015, it cannot be over-stated to this court that the contents of the Fenn Treasure Chest are of the utmost importance to our National Security interests, as well as the stability of world security, which in turn causes the Plaintiff to believe a federal question regarding the North Atlantic Treaty Organization may come into question in this Complaint and Request for Injunction at some point as well, of which the Plaintiff feels the need to stress to this court the importance of the alliance

the United States has with NATO, and that the alliance must not be undermined as it concerns the contents of Forest Fenn's Treasure Chest.

22.    Plaintiff also contends The Paris Climate Agreement must stay intact in the interests of the United States according to the contents of the Fenn Treasure Chest as well.

23.    The fact the Plaintiff found Forrest Fenn's Treasure Chest and thusly turned it over to the federal government in September 2015, is another compelling reason for this court to grant the Plaintiff's request for a Temporary Restraining Order and Injunction against the Defendants, and the Executive and Legislative Branches of government they lead and represent and are ultimately responsible for.

24.    This Complaint and Request for an Injunction against the Defendants, is the only legal remedy available to the Plaintiff due to the fact the Plaintiff does not, and has not had legal representation as a Whistleblower to the federal government for 3.5 years, and because Plaintiff also solved Forrest Fenn's riddle in August 2015, at which time the contents of the Treasure Chest were immediately turned over to the federal government due to the nature of the contents within the chest, and Plaintiff believes it will take this court to bring this information out into public view as intended so that justice will prevail.

25.    These matters are of the utmost importance to the National Security of the United States, and the Defendants, as public figures with top-secret security clearance, are acting contrary to the high level intelligence they suggest they are or should be receiving from top-secret briefings and the Plaintiff's material evidence of fraud as a federal whistleblower.

26.    The Plaintiff's material whistleblower documentation and information will most certainly have been part of the chain of information the Defendants would have been briefed on as U.S. leaders, and as members of the "Gang of 8", as well as the President of the United States who should have access to top-secret information at all times if in fact he is a legitimate President, and Plaintiff would be concerned if the Defendants had not been briefed on Plaintiff's federal

whistleblower situation as matter of National Security thereby leading Plaintiff to believe the Defendants cannot be trusted with the material the Federal Government has had from the Plaintiff since early 2014.

27.    Plaintiff asks this court to consider if the Defendants have not been briefed on the Plaintiff's Federal Whistleblower information, then it's because the Defendants are unable to receive top-secret briefings because they are subjects of F.B.I., and DOJ investigations into the Russian attack on the United States, and in any case, should not be making significant decisions that affect policy and legislation in the United States at this time if that is in fact the case.

28.    The Plaintiff alleges the Defendants have acted against the interests of the United States, whether directly or indirectly, that the Defendants have failed to defend the United States Constitution and their Oath of Office to protect and defend the United States against all threats, whether foreign or domestic. Plaintiff believes the Defendants have acted against the interests of the United States, and continue to do so, which is why the Plaintiff is asking for a Temporary Restraining Order and Injunction against the Defendants, who are the current President of the United States, and the current leadership for the Majority Party in both Chambers of the 115th U.S. Congress.

### IV. IRREPARABLE INJURY

29.    Money is not a motivating factor for the Plaintiff in this Complaint and Request for Injunction. Plaintiff's request for Temporary Restraining Order and Injunction against the Defendants is about Plaintiff's Constitutional Rights, Liberty and Justice, and safeguarding the inherent rights in the United States Constitution that have been undermined if not outright rebelled against by the Defendants in violation of the Oath of Office they took to defend against all threats to the United States, no matter if they are foreign or domestic.

30.    Compensation cannot be measured in this instance, but irreparable harm is likely to occur beyond the scope of the Plaintiff's individual rights and liberties as an American citizen, and the Plaintiff compels this court to consider the irreparable harm that the American public is likely to suffer from if this court does not grant the Plaintiff's Request for a Temporary Restraining Order and Injunction against the Defendants and the Executive and Legislative Branches of our government they currently lead and represent.

31.    Plaintiff requests that this court intervene until all the facts of this case can be made public through this court and the Special Prosector appointed by the Deputy Attorney General of the United States, who can determine if the Defendants, who've sworn an Oath of Office to uphold the U.S. Constitution, are not acting in a rebellious manner against the interests of the United States in allegiance with a sworn enemy of the state.

**V. RELIEF**

32.    Plaintiff requests the U.S. District Court for the District of Columbia, urgently issue a Court Order Temporarily restraining the Defendants from repealing, or introducing any legislation connected to any of the federal statutes and allegations raised in the Basis for Jurisdiction by the Plaintiff against the Defendants, based on the evidence provided with this Complaint and Request for Injunction by the Plaintiff, and because the contents and significance of the evidence presented by the Plaintiff to this court with this request as it concerns the interests and National Security of the United States of America, has never been as important as it is right now.

33.    Plaintiff believes the American public has a right to know if any current or former U.S. Congress members are also "persons of interest" in the Russian investigation and compels this court to disclose if that is in fact the case.

34.    Plaintiff believes Defendants Mr. McConnell and Mr. Ryan are potentially guilty of sedition and treason against the United States of America if Defendants McConnell and Ryan were in fact made aware of the Trump Campaign connection to colluding with the Russians by U.S.

National Intelligence agencies prior to the election on November 8, 2016, and failed to act and intervene as Majority leaders in both Chambers of Congress under sworn duty and their Oath of Office to protect and defend the United States Constitution from all threats, either foreign or domestic, even if they stem from their own political party, as has been reported in the media, and as reported by Former C.I.A. Director Brennan as well, having personally briefed Defendants McConnell and Ryan on the emerging Russian threat and connection to the Trump Campaign in the Summer of 2016.

35.     Plaintiff believes the January 6, 2017, U.S. House of Representatives verification of the Electoral College may be null and void if in fact the Defendants, and U.S. House Speaker Paul Ryan specifically, were aware of an ongoing attack against the United States and Defendant Ryan failed to uphold his duty and Oath of Office, to defend and protect the Constitution of the United States, and as Speaker of the U.S. House of Representatives, allowed the U.S. House of Representatives to verify the Electoral Collage Vote under these conditions and knowledge of these conditions that would otherwise be considered an act of war against the United States.

36.     Plaintiff has requested/demanded that the 217 U.S. House of Representatives that voted to repeal the Affordable Care Act resign their positions effective immediately.

37.     Plaintiff has requested/demanded that the 13 Senators on the all male only heath panel in the U.S. Senate also resign their positions effective immediately.

38.     Due to the fact Plaintiff solved Forrest Fenn's riddle, the *"Thrill of the Chase"*, and effectively now has "title to the gold", Plaintiff feels compelled to let this court know that she is in fact the Stump of Jesse foretold in Biblical Revelations, and that Forrest Fenn's "riddle" is actually the Scroll from Revelations that was opened and read and passed along to the United States Government in September 2015, as Forrest Fenn's "treasure chest".

39.     The answer to Forrest Fenn's riddle can be found in the evidence provided to this court with this pleading.

40.   Plaintiff contends she has been providing the United States Federal Government and Former F.B.I. Director James Comey specifically, with evidence of contact from beyond our earthly realms from August 30, 2015-present day, and that the evidence would have been preserved under the auspices of the Obama Department of Justice and under the Direction of James Comey at the F.B.I., and should be made publicly available for all people to understand.

41.   Plaintiff contends that Former F.B.I. Director James Comey, Forrest Fenn, Reverend Monsignor W. Ronald Jameson V.F., and a man from Temple, Texas named Patrick White were sent almost duplicate packages at the beginning of April 2017, with the final portion of the "prophecy" and the "*Thrill of the Chase*" riddle fulfilled. F.B.I. Director James Comey was the only one given a map of significance in the interest of National Security of the United States of America because Plaintiff told Director Comey that he was one of the few men left standing in the United States government that could be trusted with that information, and Plaintiff made sure Mr. Fenn, Mr. Jameson, and Mr. White were aware of this fact.

42.   Citizens for Ethics and Responsibility in Washington D.C., Professor Barry Goldstein, and Michael Moore the documentarian, have been in receipt of messages from the Plaintiff since approx., Feb., 2017-present day, and have been in receipt of the documents provided to the courts with this pleading since April 22, 2017, or Earth Day 2017.

43.   Plaintiff has provided an Index of Exhibits with this pleading.

44.   Plaintiff reserves the right to amend this complaint at any time.

*Meghan Christine Belaski*

Meghan Christine Belaski
1212 Southridge Dr.
Fort Collins, Colorado 80521
719-429-9939

*May 24, 2017*

**EXHIBITS INDEX**

**EXHIBIT A:** Summary of 3.5 years of work as a federal whistleblower.

**EXHIBIT B**: Background on Plaintiff's Family History of Federal Record in the Great Basin.

**EXHIBIT C**: A brief history of the material and documents related to the Plaintiff's personal experience in the foreclosure process in the United States during the mortgage crisis. This material was in "litigation assessment" with the Consumer Financial Protection Bureau in September 2013.

**EXHIBIT D**: Crucial, original, non-public, material documents that came to the Plaintiff's attention in October 2013, linking oil and gas fraud to the RMBS crisis through material evidence belonging to Plaintiff that was compressed and delivered to the Securities and Exchange Commission Office of the Whistleblower in February 2014.

**EXHIBIT E**: Also delivered to the Attention of the SEC-Offie of the Whistleblower et al., in April 2014, when it became clear to Plaintiff that the "mineral rights" in question were actually Cold-War Era "water rights"" linked to a piece of property that the Corporate Headquarters for JBS USA sits atop of and also linked to a former Atlas 12 Nuclear Missile silo site for Warren Air Force Base in Wyoming. The "LOUP" or "John Law Reservoir System" water "right" appeared to be connected to the former Nuclear Missile site, JBS USA, and apparently belonged to the Plaintiff according to the documents that were being presented to Plaintiff and her ex-husband for signature right after the SEC-Office of Whistleblower was informed of the material oil and gas fraud in RMBS securities in February 2014. The water rights records were typed and filed 50-60 years apart in some cases, yet it appears the documents were generated on the same day with the same typewriter. Plaintiff alleged these "water rights" were falsified as they could not have been filed 50-60 years apart as indicated in the public records. These water rights belonging to the Plaintiff appeared to discharge in a particular 40 mile long section of the Cache La Poudre River, where, according to the Department for the Interior in 2014, is where "Western Water Law" was established.

**EXHIBIT F**: Materials delivered to the SEC-Office of the Whistleblower in May 2014, when Plaintiff dug into her father's old records as it concerned the Superfund Site in Canon City, Colorado, located in Fremont County, Colorado, called "Cotter", and a connection to the "LOUP" system in Weld County, Colorado, which was connected to Plaintiff's oil, gas and water rights. The interlocking feature was Plutonium-238 and the entities connected to it from the Cold-War era in Colorado and St. Louis, Missouri.

**EXHIBIT G**: Activities undertaken by the Plaintiff throughout 2015-2015, in accordance with her federal whistleblower information.

**EXHIBIT H:** Medical Debt collection of Plaintiff in 2014-2016 directly connected to the same entities laundering money through the RMBS mortgage documents provided to the SEC-Office of the Whistleblower in early 2014. The DOJ, F.B.I. and SEC-OWB were given these documents in late 2015, detailing the specific connections to the same entities turned into the federal government whistleblower programs by the Plaintiff in early 2014.

**EXHIBIT I**: The answer to Forrest Fenn's riddle.

## CERTIFICATE OF SERVICE

I, Meghan Christine Belaski, hereby certify that a true and correct copy of the foregoing, Complaint and Request For Injunction, was served by priority mail, postage prepaid, on the 25th of May, 2017, upon:

The United States District Court
for the District of Columbia
To the Urgent Attention of the Clerk, U.S. District Court
333 Constitution Avenue, NW
Washington, DC 200001

*Meghan Christine Belaski   5-25-17*

Meghan Christine Belaski



MAY 2 6 2017

Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia