UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                   |   |                              |
|---|---|---|
| MEGHAN CHRISTINE BELASKI,         | ) |                              |
|                                   | ) |                              |
| Plaintiff,                        | ) |                              |
|                                   | ) |                              |
| v.                                | ) | Civil Action No. 17-1035 (ABJ) |
|                                   | ) |                              |
| UNITED STATES OF AMERICA, *et al.*, | ) |                              |
|                                   | ) |                              |
| Defendants.                       | ) |                              |

**MEMORANDUM OPINION**

Plaintiff Meghan Christine Belaski has filed a *pro se* complaint against the United States, President Donald J. Trump, Senate Majority Leader Mitch McConnell, and House Speaker Paul Ryan. Compl. [Dkt. # 1]. According to the complaint, plaintiff is seeking a "temporary restraining order and injunction" to prevent defendants from "colluding in a Racketeer Influenced and Corrupt Organization scheme, or RICO enterprise, in violation of 19 U.S. Code 1961 to obstruct justice against the [p]laintiff, the American people, and the United States of America." *Id.* ¶ 1. Plaintiff requests that the Court intervene until it can be determined that defendants "are not acting in a rebellious manner against the interests of the United States in allegiance with a sworn enemy of the state." *Id.* ¶ 31.

Plaintiff alleges that she has "been a Whistleblower . . . to the Dodd-Frank established Office of the Whistleblower for the United States Securities and Exchange Commission Office of the Whistleblower and related entities . . . since February 2014." Compl. ¶ 3. She claims that she has provided the government with "non-public, and material documentation and information" regarding fraud and money laundering operations through United States entities, including providing the government "with the 'treasure chest' from Forrest Fenn's elusive riddle, *The Thrill*

*of the Chase*" after plaintiff "solved the riddle on August 30, 2015." *Id.* ¶¶ 3, 5. She also alleges that since solving the riddle, plaintiff has provided the government "with evidence of contact from beyond our earthly realms." *Id.* ¶ 40. Further, plaintiff states that she felt "compelled to let the court know that she is in fact the Stump of Jesse foretold in Biblical Revelations, and that Forrest Fenn's 'riddle' is actually the Scroll from Revelations." *Id.* ¶ 38.

Plaintiff appears to be claiming that the government has not acted upon any of the information she has provided to it, and so, the government is obstructing justice and acting against the interests of the United States. Compl. ¶¶ 8–10, 14–15, 24–25. Plaintiff attached approximately 2,000 pages of exhibits to her complaint, which include copies of articles and excerpts from webpages, which she has annotated. *See, e.g.*, Ex. I to Compl. [Dkt. # 1-11]; Ex. I (Part 2) to Compl. [Dkt. # 1-12].

Because plaintiff has only alleged a generalized grievance and therefore does not have standing to sue, and because plaintiff's claims are patently insubstantial presenting no federal question suitable for decision, the Court will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

**ANALYSIS**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC*

*v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Therefore, a district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

Federal courts may exercise subject matter jurisdiction only if there is a "Case" or "Controvers[y]" to be decided. U.S. Const. Art. III, § 2. "One element of the case-or-controversy requirement is that [plaintiff], based on [her] complaint, must establish that [she] has standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). And "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

The Supreme Court established in *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992), that constitutional standing consists of three elements: the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 560–61. To meet the first element, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and

particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548, quoting *Lujan*, 504 U.S. at 560.

Here, plaintiff has not pled facts that would establish her standing to sue because she has not alleged the necessary injury in fact. Although plaintiff characterizes herself as a "whistleblower," the complaint does not seek relief for any alleged adverse action taken against her personally. Rather, plaintiff claims that defendants have "obstructed justice to prevent" her "[w]histleblower information from public view," Compl. ¶ 2, and she specifically alleges that "[d]efendants have acted" not just against her but "against the interests of the United States." *Id.* ¶ 28; *id.* ¶ 12 (creating a "national security emergency"); *see also id.* ¶ 30 ("[I]rreparable harm is likely to occur beyond the scope of the plaintiff's individual rights and liberties as an American citizen, and this court [should] consider the irreparable harm that the American public is likely to suffer from."). In other words, while plaintiff's complaint may be impassioned, and she may have some legitimate grounds to differ with actions taken or not taken by the executive and legislative branches, what she has filed is, at its core, a generalized grievance against the government, and that is not a justiciable federal case. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (observing that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction"). Therefore, the Court can dismiss this case on these grounds alone.

In addition, subject matter jurisdiction is lacking where a complaint "is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than 'doubtful or questionable' . . . [and] 'essentially fictitious.'" *Best*, 39 F.3d at 330, quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37

4

(1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . .") (internal citations and quotation marks omitted); *see*, *e.g.*, *Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Amexem," requiring the plaintiff's immediate release from a correctional institution).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in this case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Insofar as plaintiff's complaint is even intelligible, it lacks a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). And to the extent that plaintiff seeks a "Temporary Restraining Order and Injunction," Compl. ¶ 1, plaintiff has failed to articulate – let alone satisfy – the requirements for the issuance of such an order, *see, e.g., Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009), and she has not complied with any of the relevant local and federal rules. *See* LCvR 65.1(a), (c); Fed. R. Civ. P. 65.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: June 21, 2017